Den ex dem. Strugle v. Hayne.

RANDOLPH, J. concurred.

NEVIUS, J. dissented on the last point.

## DEN EX DEM. STRUGLE v. HAYNE.

In ejectment, the lessor of the plaintiff is not liable for costs when non-prossed for refusing to join in the consent rule Not being a party to the record, he is liable for costs under the consent rule only.

Den ex dem. Strugle v. Hayne.

Matter of costs in ejectment.

The lessor of the plaintiff had refused to join in the consent rule and was consequently *non-prossed.* Mr. Halsted for the tenant moved for a rule on the lessor to pay costs. In an anonymous case, 3 *Halst.* 268 such rule was refused; but he said there was no agreement, and the defendant seems to be entitled to costs under the statute. Where the plaintiff might have costs in case judgment should be given for him, in such case, if *non-prossed,* &c. the defendant is entitled to costs. *Rev. Stat.* 449 § 2. In New York, the tenant obtains costs against the lessor of the plaintiff, who refuses to join in the consent rule. 1 *Cow.* 166. The lessor is the real plaintiff, as the defendant is the real defendant. [The court inquired how the costs could be collected?] He said he supposed the execution should issue against the nominal plaintiff, but be shown to the lessor, the costs demanded of him in the usual mode, and payment enforced by attachment.

*Per Curiam* (NEVIUS, J. *absente*). The lessor of the plaintiff not being a party to the record, execution cannot go against him: when liable for costs it is upon the consent rule only. The only remedy of the defendant to obtain costs is by attachment, which lies for the non-performance of this, as of all other rules. But no contempt can arise for the non-performance of the rule, where no rule exists. The practice in this State on this point has been uniform, and is the same as the practice of the English Courts.

Rule refused.

*Note.* Acc. *Anon.* 3 *Halst.* 268; *Goodright* v. *Badtitle,* 2 *W. Bl.* 763; 2 *Sellon,* 111. *Adams on Ejec.* 273.

But the court will stay proceedings in subsequent ejectment on the same title, until such costs are paid. *Smith* v. *Barnadiston,* 2 *W. Bl.* 904.